IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NOAH NIEMINEN PLAINTIFF

V. CIVIL ACTION NO. 1:25-CV-153-SA-RP

NAVRATNA, LLC; CHIRAG MEHTA;
and MEGHA MEHTA DEFENDANTS

ORDER AND MEMORANDUM OPINION

On September 18, 2025, Noah Nieminen initiated this litigation by filing his Complaint [1] against Navranta, LLC; Chirag Mehta; and Megha Mehta. The Defendants subsequently filed a Motion for Summary Judgment [31], which is now ripe for review. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

By way of background, Navratna, LLC operates multiple convenience stores in and around Saltillo, Mississippi. Chirag Mehta and Megha Mehta are owners of Navratna, LLC.

This lawsuit concerns Nieminen's previous employment with Navratna. He claims the Defendants retaliated against him and constructively discharged him based on his refusal to unlawfully alter other employees' timecards.

In 2021, Nieminen began working as a cashier at a convenience store located in Saltillo, Mississippi. When Nieminen was hired, the particular convenience store was not owned by the Defendants. But near the end of 2021, the Defendants purchased the store. At that time, Nieminen claims that the Defendants promoted him to manager.

According to the Complaint [1], Megha Mehta "instructed [Nieminen] to alter employee time cards when he delivered them for payroll so that they would reflect fewer hours than the employees actually worked." [1] at p. 3. Nieminen asserts that he later learned this practice was

illegal and, on July 30, 2025, submitted timecards that were unaltered. Megha called Nieminen that day to inquire about the unaltered timecards. When Nieminen indicated that he did not intend to alter the timecards moving forward, Megha instructed him to "go to the liquor store where [Chirag] worked in Tupelo." *Id.*

Nieminen alleges that he went to the liquor store, met with Chirag, and that Chirag, citing financial reasons, demoted him and decreased his pay. Nieminen requested time to consider whether he could continue working for the company in light of the pay reduction. Thereafter, Nieminen asserts that Chirag "privately told others that [Nieminen would not be working there much longer because [Nieminen] reported the issue with the time records . . . and had refused to continue altering employee time cards." *Id.* at p. 4. Nieminen asserts that, because of Chirag's statements, he believed that his termination was inevitable. He resigned the next day.

This lawsuit eventually followed. In his Complaint [1], Nieminen asserts a federal claim for FLSA retaliation against all three Defendants and a state law claim for termination of employment in violation of public policy against only Navratna. The Defendants now seek summary judgment in their favor.

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240 at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex*, 477 U.S. at 323). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Management of Louisiana, LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalist arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

The Defendants' request for summary judgment is brief and straightforward. They seek dismissal based on lack of standing, specifically arguing that "[t]he Plaintiff claims that he was constructively discharged in retaliation for reporting that the Defendants violated the [FLSA] with regard to other employees who worked at one of the Defendants' locations. . . None of the employees who the Plaintiff claims had their hours falsified have complained or disputed the hours for which they were paid." [31] at p. 1. Notably, although they attached brief affidavits executed by Chirag and Megha, this is the *entirety* of the Defendants' argument. They have not filed a Memorandum and have cited no legal authority to support their position. Chirag and Megha's

affidavits mirror each other in many respects. Megha's affidavit contains slightly more detail—it provides in pertinent part:

> 2. The Plaintiff, Noah Nieminen, was an employee with limited clerical type duties such as running errands and inputting data including orders for groceries and supplies. He had no authority to hire, fire, evaluate or discipline other employees and was not a manager of Navratna or any other businesses of the Defendants.
>
> 3. Plaintiff was never directed to falsify electronic time card information of any employee unless it was for the purpose of correcting an error and Affiant did not alter and did not request the Plaintiff to alter any physical time card of any employee.
>
> 4. None of the other employees of Navratna ever complained or disputed their paychecks and if there were any complaint they would have come to either Chirag or Megha Mehta, who would have corrected the issue to the employee's satisfaction.

[31], Ex. 2 at p. 1.

Thus, the Defendants' argument is that Nieminen did not hold a position that carried with it authority to alter time cards and, further, that no employees ever disputed the accuracy of their paychecks. Although they make no legal argument, the Defendants presumably contend that because their affidavits suggest that no employees complained about their paychecks, Nieminen lacks standing to pursue his claims which are based on his reporting of an illegal employment practice pertaining to their paychecks. This argument is flawed.

Nieminen attached to his Response [33] an affidavit wherein he states that he indeed did hold a management position and that Megha instructed him to alter other employees' timecards. *See* [33], Ex. 1 at p. 1. He further states in the affidavit that Chirag notified him of a demotion and pay reduction on the same day that he refused to alter timecards. *See id*. For purposes of summary

judgment, the Court takes Nieminen's version of events, as articulated in the sworn affidavit, as true. *See Waste Management of La.*, 920 F.3d at 964.

Accepting Nieminen's version of events as true and considering that the Defendants have made no legal argument whatsoever, the Court could not conceivably reach any conclusion other than that summary judgment is improper.

Although the Defendants did not address the merits of the underlying claims whatsoever, the Court briefly notes that to prevail on a claim for FLSA retaliation, a plaintiff must show that he was subjected to an adverse employment because he complained of an employment practice that he reasonably believed constituted an FLSA violation. *See*, *e.g.*, *Starnes v. Wallace*, 849 F.3d 627, 633-34 (5th Cir. 2017). Taking Nieminen's version of events as true, a reasonable jury could find in his favor as to FLSA retaliation.

The same is true for Nieminen's state law claim. Under the Mississippi Supreme Court's well-known *McArn* case, "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." *McArn v. Allied Bruce-Terminix Co., Inc.*, 607 (Miss. 1993). Nieminen's affidavit clearly sets forth facts to support such a claim.

The Defendants' Motion for Summary Judgment [31] is woefully inadequate. Summary judgment is not warranted.[1]

[1] The Court additionally notes that the Defendants' request runs afoul of the Local Rules, which require that a party filing a motion to "file a memorandum brief in support of the motion." L.U. CIV. R. 7(b)(4).

*Conclusion*

For the reasons articulated above, the Defendants' Motion for Summary Judgment [31] is DENIED. Nieminen will be permitted to proceed to trial on his claims.

SO ORDERED, this the 9th day of October, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE